LUKE MATHEWS v. F. L. DENISON.

(No. 2445, Op. Book No. 2, p. 615.)

APPEAL from Bell County. Opinion by WATTS, J.

§ 1256. *Venue, where note is payable at a certain place; vendee of property incumbered by lien, necessary party in suit to foreclose lien; decree in such case.* Denison sued one McGee on three notes, and sought to foreclose a lien on a printing press, material, etc., in the possession of Mathews, alleging that Mathews had acquired possession thereof with notice of plaintiff's lien thereon. Mathews was made a defendant in the suit.

The notes were made payable at Belton, Texas, and it was alleged in the petition that Belton was in Bell county, Texas. Judgment was rendered in favor of plaintiff against McGee for the amount of the notes, and as to him the lien upon the press, etc., was established and foreclosed, and an order of sale ordered to issue directing the seizure and sale of the same. As to Mathews, the judgment of the court was that plaintiff take nothing by suit, and that Mathews go hence, etc., and recover his costs, etc. Mathews alone appealed. *Held*, 1. The suit was properly instituted in Bell county, the notes being made payable there. 2. Mathews was a necessary party to the suit in so far as the plaintiff sought to foreclose the lien upon the property in his possession, and claimed by him. 3. Looking to the entire decree, it is doubtful as to what the court intended to accomplish by it. It adjudged that the plaintiff recover nothing of Mathews, and that he go hence and recover his costs. The lien is only foreclosed as to McGee, while the sheriff is commanded to seize and sell the property as under execution. If, as a matter of fact, Mathews purchased the property in good faith, for a valuable consideration, and without notice of Denison's lien, he would certainly hold the property against that lien, and could not be disturbed in his possession by reason of the same.

June 14, 1882.        Reversed and remanded.